MEMORANDUM BY THE COURT
Plaintiff seeks to recover certain duties paid on some sheep and goats returned to the United States from Mexico, and relies upon the joint i\ solution of January 25, 1924, 43 Stat. 2, authorizing the Secretary of the Treasury to refund any duties paid on such animals returned to the - United States after March 1, 1923, and before the enactment of this resolution.” The petition alleg.s that the animals were returned “ under date of March 1, 1923.” This averment certainly means they were returned on March 1 or before that date. It does not mean that the animals were returned after March 1, and unks.s they were so returned the plaintiff has no cause of action. We have no power to prescribe an earlier date than the joint resolu *660 tion fixed to determine the right to a refund. It authorized a refund of duties for the animals that were returned after March 1, 1923. It did not extend the privilege or benefit for what may have occurred on or before March 1. That Congress meant to fix a definite date seems clear, and as indicative of its meaning a similar joint resolution approved February'21, 1925 (68th Cong.), may be mentioned. In this later resolution the right to admit certain animals free of duty if brought back “ before December 31, 1925,” is secured, while the right to a refund of duties' paid is given as to animals returned “ after December 30, 1924.” The two dates are significant, and the fact that December 31 is used in the one case and December 30 is used in the other shows that Congress had a purpose in designating the dates as was done. If there be any doubt as to the proper construction the rule is that where a statute is the grant of a privilege or benefit that construction must be adopted which is most advantageous to the Government. See Swan & Finch Co. v. United States, 190 U. S. 143, 146.
Petition dismissed.